**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TIMOTHY ALSTON,

    Petitioner,

v.                                       Case No. 3:18-cv-1113-J-39JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

Petitioner, Timothy Alston, a federal inmate confined at Jesup Federal Correctional Institution, initiated this action on September 17, 2018, by filing a pro se Petition for Writ of Habeas Corpus (Petition) (Civ. Doc. 1) pursuant to 28 U.S.C. § 2241.[1]

On October 17, 2013, a jury found Alston guilty of attempted possession with intent to distribute marijuana (count one) and possession of a firearm by a convicted felon (count two). Crim. Doc. 84. On January 22, 2014, the Honorable Paul C. Huck sentenced Alston to incarceration for a term of sixty-months as to count one, and a ninety-two-month term as to count two, with each count to be followed by a three-year term of supervised release.[2] Crim. Doc. 99. Judge Huck further ordered these sentences to run concurrent. Id. On February 17, 2015, the Eleventh Circuit Court of Appeals issued an Opinion

---

[1] Citations to this civil § 2241 case file, No. 3:18-cv-1113-39JRK, will be denoted as "Civ. Doc." Citations to Alston's federal criminal case file, United States v. Timothy Alston, No. 3:12-cr-118-J-32PDB, will be denoted as "Crim. Doc."

[2] Judge Huck rendered an amended judgment on January 28, 2014. Crim. Doc. 107.

affirming Alston's judgment and sentences. Crim. Doc. 147. The Mandate was issued on July 14, 2015. Crim. Doc. 148. On or about July 1, 2016, Alston filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Crim. Doc. 164. Alston's § 2255 Motion is still pending. Id.

In the instant Petition, Alston raises five grounds for relief: (1) "there is double counting in the calculation of Alston's sentence" at sentencing; (2) "criminal history calculation is in error based on priors used" to enhance sentence; (3) "error in applying sentencing enhancement under Career Offender Act" and for inchoate offenses; (4) "sentencing error in applying a sentence under 21 U.S.C. § 862(a) and a federal forfeiture under 21 U.S.C. § 853"; and (5) ineffective assistance of counsel for failing to raise and preserve vital issues.

The Eleventh Circuit Court of Appeals has expressly concluded that § 2255 is the avenue for challenges to the legality of the imposition of a sentence, while § 2241 is available to challenge the continuation or execution of an initially valid confinement. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, § 2241 allows for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. See Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n. 14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits,

including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

Here, Alston challenges the legality of the imposition of his sentence rather than the execution thereof. As such, § 2241 is not the appropriate means to raise these claims, rather they should be raised in a § 2255 motion. Should Alston wish to proceed with these claims, he can attempt to seek leave to amend his pending § 2255 Motion.[3] Further, even if these claims were cognizable under § 2241, this Court would be without jurisdiction because Alston is not incarcerated in the Middle District of Florida. See Rumsfeld v. Padilla, 542 U.S. 426, 443-44 (2004) (holding a § 2241 petition by a federal prisoner must be brought in the district where the inmate is incarcerated). Accordingly, the Court dismisses this action without prejudice.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED without prejudice**.

2. The Clerk of Court is directed to enter judgment **dismissing this case without prejudice**, terminating any pending motions, and closing the case.

3. If Alston appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion

---

[3] The Court is not expressing an opinion as to the success of any request for leave to amend.

proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[4]

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of September, 2018.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7

C: Timothy Eric Alston, #10270-021/B-2

---

[4] The Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, the Court will deny a certificate of appealability.

4